**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04720-RMR

BROOK YITBARK KEBEDE

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
DAVID J. VENTURELLA,[1] Acting Director, Immigration and Customs Enforcement,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

Petitioner Brook Kebede is a 33-year-old citizen of Ethiopia. ECF No. 1 ¶ 19. He left that country to escape political persecution and came to the United States in 2023. *Id.* ¶ 20. He has been in the custody of Immigration Customs and Enforcement ("ICE") since June 2025. He became subject to a final order of removal in February of 2026. However, an Immigration Judge granted him withholding of removal to Ethiopia based on a risk of persecution. *Id.* ¶ 3. Respondents then attempted to remove Petitioner to the United Kingdom, which refused to accept him. *Id.* ¶ 22. Respondents also attempted to remove

[1] David J. Venturella is hereby automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

Petitioner to Uganda, but he refused to sign the Notice of Removal. *See Kebede v. Baltazar et al.*, No. 26-cv-00851-DDD-SBP, ECF No. 29 at 4. Respondents also wished to remove Petitioner to Cameroon, but Petitioner raised fears of persecution. In April, Petitioner sought and obtained a writ of habeas corpus from another court in this district. *Id.* He was released from ICE custody in July 2026. ECF No. 1 ¶ 1.

However, Petitioner was re-detained by ICE on September 22, 2026. Petitioner alleges that ICE informed him that he would be removed to Ethiopia. *Id.* ¶ 3. When Petitioner's counsel stated that Petitioner had been granted withholding of removal to Ethiopia, the ICE agent stated that Petitioner would actually be removed to Cameroon. *Id.* ¶ 3. Later, another ICE agent showed Petitioner a computer screen which purportedly stated that Petitioner would be removed to "Africa." *Id.*

Petitioner filed the instant Petition for Writ of Habeas Corpus, seeking his immediate release. *Id.* at 13. He also filed a motion for a temporary restraining order and injunction asking that the Court enjoin ICE from removing him to any country without providing him with adequate notice and an opportunity to seek protection under the United Nations Convention Against Torture. ECF No. 2. That request stems from an injunction entered in the class action lawsuit *D.V.D. v. U.S. Department of Homeland Security*, which granted similar relief to a certified class of non-citizens. 778 F. Supp. 3d 355 (D. Mass. 2025).[2]

---

[2] The procedural history of the *D.V.D.* case is somewhat complex. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass.), *opinion clarified*, No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), and *opinion clarified*, No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025), *reconsideration denied sub nom. D.V.D v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025),

On September 24, 2026, this Court issued an order that Respondents were not to remove Petitioner from the District of Colorado. ECF No. 5. However, that same day, Respondents transported Petitioner to Louisiana, and later to Texas. ECF No. 6. The Court cannot determine whether Petitioner's transfer occurred before or after the Court issued its order. Petitioner has filed a motion for an order compelling ICE to return him to the District of Colorado. *Id.*

Respondents have filed a response to Petitioner's filings, but state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 10 at 1-2. They acknowledge that "the Court may then decide to grant the Petition and award appropriate relief" and suggest that "appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." *Id.* They do not address Petitioner's motion for a temporary restraining order, but their response does state that it is made in response to the "Petition for Writ of Habeas Corpus and the Court's Order to Show Cause." The Court's Order to Show Cause, ECF No. 5, ordered Respondents to respond to Plaintiff's motion for a temporary restraining order, and so the Court considers Respondents' response as addressing both the Petition and the motion.

Given this response, the Petition is granted. If a noncitizen is ordered removed, he becomes subject to mandatory detention under 8 U.S.C. § 1231 during the ninety day "removal period," which begins when the order of removal becomes "administratively

---

*and appeal dismissed and remanded*, No. 25-1393, 2026 WL 1102937 (1st Cir. Feb. 20, 2026), *and aff'd in part*, No. 26-1212, 2026 WL 2797801 (1st Cir. Sept. 18, 2026).

final." If a noncitizen is not removed from the United States during the removal period, the government may in some circumstances continue to detain him under Section 1231 while it attempts to effectuate removal, but that detention may not be indefinite. See 8 U.S.C. § 1231. And Section 1231 does not mandate detention beyond the removal period. See 8 U.S.C. § 1231(a)(6) (noncitizen "may" be detained beyond removal period). Detention is presumptively reasonable for six months after the beginning of the removal period. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

All told, Petitioner has been detained since June 2025. ECF No. 1 ¶ 8. The ninety-day removal period has expired, as has the six-month period within which continued detention would be reasonable. Accordingly, Respondents have no basis to detain Petitioner further without some concern that he is a flight risk or a danger to the community. *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026).

Next, the Court turns to Petitioner's motion for injunctive relief. Petitioner requests a temporary restraining order and an injunction forbidding ICE From removing him to any third country until further order of this Court. Respondents have been given notice as required by Fed. R. Civ. P. 65(a). Respondents have declined to submit a response or dispute the allegations in the Petition and motion, and Petitioner has submitted an email from Respondents' counsel which states that Petitioner "will not be removed from the country." ECF No. 6 at 3. The Court takes this as consent to Petitioner's request not to be removed without being afforded a chance to seek withholding of removal, not as a concession that Petitioner will never be removed from the country. Regardless, the Court

finds that Petitioner has established a right to injunctive relief. Respondents have not responded to his petition or disputed his claims that their conduct violated his constitutional rights. He risks irreparable harm if he is removed to a country where he may face persecution. As Respondents has declined to submit a response, the Court cannot weight any burdens to the government against Petitioner's allegations. And the public interest seems to weigh against removing aliens to countries where they are at substantial risk of harm. *Nken v. Holder*, 556 U.S. 418, 436 (2009).

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Petitioner's Emergency Motion for Temporary Restraining Order and Permanent Injunction (ECF No. 2) is **GRANTED**;
3. The Motion to Compel Petitioner's Return to Colorado (ECF No. 6) is **GRANTED**;
4. Respondents are **ORDERED** to return Petitioner to the District of Colorado at their expense;
5. Respondents shall then **RELEASE** Petitioner on his own recognizance, along with all his personal belongings. Respondents may impose conditions of release consistent with 8 U.S.C. § 1231(a)(3). Respondents shall facilitate Petitioner's transportation from any detention facility by providing all necessary identity and travel documents to return to his primary address;
6. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond

hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

7. Respondents are **ENJOINED** from removing Petitioner to any third country without first providing him notice, in writing, of the country to which he is to be removed and allowing him seven days to seek withholding of removal to that country.
8. Before 12:00 p.m. on **October 9, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 2, 2026

BY THE COURT:

________________________________
REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court